IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH JAMES PRICE, ) | |
| ) | Civil Action No. 07 - 615 |
| Petitioner, ) | |
| ) | District Judge Nora Barry Fischer |
| vs. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ) | |
| JOHN A. PALAKOVICH, ) | |
| Superintendent, et al., ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Kenneth James Price, a state prisoner presently incarcerated at the State Correctional Institution at Smithfield, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be denied as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

#### A. Relevant Procedural History

Petitioner has a long criminal history resulting in numerous parole revocations as a convicted parole violator with resultant recalculations to his maximum sentence. His incarceration appears to have begun on August 29, 1984 when he was sentenced to a term of from five (5) to ten (10) years as a result of his

conviction for robbery. On August 2, 1989, he was released on parole by the Pennsylvania Board of Probation and Parole (the Board) having served five (5) years, six (6) months and seven (7) days, leaving a period of four (4) years, five (5) months and twenty-three (23) days left on his 1984 sentence.[1]

On July 26, 1990, Petitioner was arrested on new criminal charges and was incarcerated on the new charges until June 12, 1991 when he posted bail. At that time, he was transferred to a State Correctional Institution pursuant to the Board's Detainer regarding the backtime from his unserved 1984 sentence. He remained in custody on the Board's detainer until October 31, 1991 when he was sentenced in the Court of Common Pleas of Allegheny County by the Honorable Robert Gallo on the new criminal charges at CC 9011027 to time served (a term of from ten and one-half months - the time period from July 26, 1990 until June 12, 1991, the date he posted bail) to twenty-three months. On October 31, 1991, he was released back to the Board's custody to await a parole revocation hearing. By Order dated March 31, 1992, the Board revoked Petitioner's parole and ordered him to serve three (3) months backtime. Upon receipt of this Order, Petitioner asserted to both the DOC records office and the Board that he had served the three months backtime as he had solely been in the Board's custody since June 12, 1991.

---

1. This remainder is referred to as "backtime." See Houser v. Pennsylvania Board of Probation and Parole, 682 A.2d 1365 (Pa. Commw. 1996), allocatur denied, 692 A.2d 568 (Pa. Sup. Ct.).

On May 22, 1992, Petitioner was transferred to the Allegheny County Jail because the State Records Supervisor informed them that Petitioner had not been released from the County sentence on October 31, 1991. Petitioner was held by the County from May 22, 1992 through June 1, 1992 when he was released back to State custody. On July 23, 1992, Judge Gallo issued an Order stating the Defendant was paroled from his sentence on October 31, 1991 having been given credit for time served.[2]

The Board refused to acknowledge Judge Gallo's Order stating that he had no authority to backdate a County Parole date. In so concluding, the Board calculated Petitioner's release date as June 1, 2002 (*i.e.*, approximately twenty-three months from July 23, 1990, when he was arrested on the new charges). The Board recalculated Petitioner's maximum sentence date for his 1984 convictions as July 5, 1996.[3] Petitioner does not aver that he challenged this decision through administrative review procedures.

---

2. Petitioner appears to have forgotten that he was sentenced at CC 9011027 to a maximum term of twenty-three months; he was paroled from the sentence at the minimum "time-served" date of October 31, 1991.

3. Section 331.21a of the Pennsylvania Parole Act, like statutes enacted in many other states and by the federal government, does not give any sentencing credit for time spent on parole for the remainder of a parolee's sentence who has been convicted of other crimes while on parole. Thus, for parolees like Petitioner, who chose to commit additional criminal offenses during the period they would have been incarcerated but for the fact that they were released on parole, the service of their sentence "freezes" on the date of their release on parole and does not begin running again until they are returned to custody in Pennsylvania to serve the remainder of the original sentence.

On August 18, 1992, the Board re-paroled Petitioner. On February 10, 1996, Petitioner was arrested for DUI and released on bail. On March 1, 1996, the Board arrested Petitioner and placed him in State custody. On May 16, 1996, a parole violation hearing was held. Petitioner complained about the calculation of his sentences but was ordered to serve his unexpired term.

On September 26, 1996, petitioner was arrested on federal charges of bank robbery. On January 17, 1997, Petitioner was convicted of the bank robbery charges and on June 11, 1997, the Board lodged a detained against Petitioner claiming he had violated his State parole. In August of 1997, Petitioner was sentenced to a term of one-hundred and twenty (120) months for the bank robbery charge.

On April 23, 2001, Petitioner filed a Petition for Post-Conviction Relief claiming the illegality of the Board's detainer. June 13, 2002, Judge Gallo granted Petitioner's petition, vacated his sentence at CC 9011027 and sentenced him to a period of ten months probation effective July 27, 1990. On June 23, 2003, a certified Court order of Judge Gallo's was served on the Pennsylvania Department of Corrections (DOC) and the DOC Records Officer forwarded the Order to the Board.

On October 7, 2005, Petitioner was released from federal custody and returned to State custody via the Board's detainer. On December 7, 2005 a parole revocation hearing was held and on January 13, 2006, the Board Ordered Petitioner to serve twenty-four (24) months backtime and calculated a new maximum expiration date of

April 20, 2009. The Order specifically informed Petitioner that, if he chose to appeal, he was required to file an appeal within thirty days and that he was entitled to an attorney. The order provides that it was mailed on February 13, 2006 (doc. no. 1-1, p. 45). It appears that Petitioner did appeal and that the Board denied administrative relief on March 29, 2006 (doc. no. 1-1, p. 46).

Petitioner filed an appeal from that decision on September 19, 2006. That appeal was quashed as untimely by the Commonwealth Court of Pennsylvania on September 21, 2006 (doc. no. 1-1, p. 46).

B. <u>Time Period for Filing a Federal Habeas Corpus Petition</u>

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d)  (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct. 904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner is attacking the Board's alleged improper calculation of his Pennsylvania sentences and recalculation of his maximum expiration date. AEDPA's statute of limitations applies to prisoners who challenge parole determinations via a section 2254 petition. *See* Hollawell v. Gillis, 65 Fed.Appx. 809 (3d Cir. 2003).

The latest date Petitioner could have sought review of this claim would have been the proceedings concerning his latest parole revocation and the Board's January 13, 2006 Order advising him of his new maximum expiration date. The Board denied his appeal on March 29, 2006 and he failed to filed a timely appeal from that decision. Consequently, for purposes of applying AEDPA's state of limitations, direct review of Petitioner's claim became "final," on April 28, 2006, thirty days from the date of the Board's decision denying his appeal. *See* Pa. R. App. P. 1512(a)(1). *See also* Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed). Thus, Petitioner had one year from that date, *i.e.*, until on or about April 28, 2007 to file a federal habeas corpus petition raising his claims.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by April 28, 2007; instead, his federal habeas corpus petition was not filed in this Court until May 7, 2007, the date he signed his Petition. Thus, this court must

determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed several prison grievances and another PCRA Petition during his limitations period. However, none of these can be considered "properly filed" applications for state post-conviction or other collateral review. His PCRA petition was dismissed for lack of jurisdiction (doc. no. 1-1, p. 43). His grievances were directed to the DOC who informed him that it was the Board, and not the DOC, who had authority to re-calculate his maximum term. Therefore, there is no basis to statutorily toll his one-year limitations period.

Consequently, Petitioner's one-year limitations period ended on April 28, 2007. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until May 7, 2007, after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a

new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely

asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.,* Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides, in relevant part, as follows.

> . . . The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. . . . In every case a copy of the petition and any other order shall be served by certified mail on the respondent and on the attorney general of the state involved.

In the instant action, it plainly appears "from the face of the petition . . . that Petitioner is not entitled to relief in the district court . . . ." Specifically, the discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28

U.S.C. § 2244(d). Consequently, it is recommended that the Petition be denied as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not

find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (100 days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Dated:     May 24, 2007

cc:        The Honorable Nora Barry Fischer
           United States District Judge

           KENNETH JAMES PRICE, AP-7719
           S.C.I. at Smithfield
           P.O. Box 999
           1120 Pike Street
           Huntingdon, PA 16652